IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03464-MEH

JOSEPH NIGRO, and
TERRY NIGRO,

    Plaintiffs,

v.

ENCOMPASS INDEMNITY COMPANY,

    Defendant.

---

### ORDER ON MOTION TO STRIKE

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiffs' Motion to Dismiss Designated Affirmative Defenses pursuant to Fed. R. Civ. P. 12(b)(6), which is construed by the Court as a motion to strike pursuant to Fed. R. Civ. P. 12(f) [filed January 8, 2015; docket #13]. The motion is fully briefed and the Court finds that oral argument will not assist in its adjudication of the motion. Based on the record herein and for the reasons that follow, the Court **grants in part and denies in part** the Plaintiff's motion.

### BACKGROUND

    Plaintiffs initiated this action in Weld County District Court on or about November 25, 2014, alleging essentially that Defendant "refused to complete performance of the settlement agreement" governing the total economic loss of a 1975 Corvette following its collision with road debris on Interstate Highway 76 on August 16, 2014. Complaint, docket #3. Defendant removed the action to this Court on December 23, 2014 asserting the Court's diversity jurisdiction. Docket #1. At the same time, Defendant filed an Answer to the Complaint asserting 14 affirmative defenses. Docket

#4.

In the present motion, Plaintiffs move to strike nine of the affirmative defenses pled in Defendant's answer: (1) failure to mitigate damages; (3) Plaintiffs are not the real parties in interest; (4) comparative negligence and/or pro rata share of fault; (5) set off; (6) comparative bad faith; (9) obligations discharged under policy; (12) claim barred by fraud; (13) claim barred by doctrine of payment, release or waiver; and (14) penalties under Colo. Rev. Stat. § 13-17-102. Plaintiffs contend that eight of these defenses are inapplicable to their action seeking to impose and assess statutory penalties, and that Defendant fails to comply with Fed. R. Civ. P. 9(b) in asserting affirmative defense #12.

Defendant counters by first withdrawing its affirmative defenses #3 and #13, then arguing that Plaintiff has incorrectly stated the law regarding consideration of an insured's conduct for defenses ## 1, 4, 5, 6 and 12, and each of these defenses goes to whether the Defendant had a reasonable basis for denying or delaying insurance benefits. Defendant also contends that defense #14, although not an affirmative defense listed in Fed. R. Civ. P. 8(c)(1), is properly pled as simply a defense pursuant to Fed. R. Civ. P. 12. Finally, Defendant asserts that Plaintiffs' arguments regarding the sufficiency of defense #12 "contain numerous inaccuracies and misstatements."

Plaintiffs reply that defense #5 for setoff is improper in this case as they seek statutory penalties, not "property damages" as suggested by Defendant. Likewise, Plaintiffs argue that defense #1 for failure to mitigate damages is improper in an action seeking not damages, but statutory penalties. Plaintiffs also contend that Defendant cannot assert an affirmative defense based upon its own refusal to respond to Plaintiffs' request for a reasonable basis for investigation of the claim. Further, Plaintiffs assert that defense #6 for comparative bad faith is not recognized as an

affirmative defense, and defense #4 for comparative negligence is a defense related to tort claims, which are not raised in this case. Finally, Plaintiffs argue that Defendant has failed to establish grounds for defense #12 for fraud or material misrepresentation.

## LEGAL STANDARDS

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Rest. Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Smuggler-Durant Min. Corp.*, 822 F. Supp. 873, 875 (D. Colo. 1993)). However, striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. *Id.*; *see also* 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011). Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09-cv-00704-CMA, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"A motion to strike an affirmative defense as insufficient is adjudicated under the same standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances." *S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006) (citing *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995)). The standard articulated in *Nacchio/Unger* continues to be the appropriate standard. *See Quick v. Grand Junction Lodging, LLC*, No. 13-cv-02917-RBJ, 2014 WL 7205417, at *2 n.2 (D. Colo. Dec. 18, 2014) (listing cases). For the following reasons, the Court holds that an affirmative defense is sufficient if stated

"in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

## ANALYSIS

As set forth above, Plaintiffs state in their motion that they seek to strike nine affirmative defenses, including ##1, 3, 4, 5, 6, 9, 12, 13 and 14; however, the motion contains no argument concerning defense #9 and, thus, the Court will deny the motion as to this defense. Further, the Defendant has withdrawn defenses ## 3 and 13, and the Plaintiffs do not rebut Defendant's argument supporting defense #14; therefore, the Court will deny the motion as to these defenses as well and order Defendant to file an Amended Answer omitting affirmative defenses ## 3 and 13.

Accordingly, the challenged defenses remaining for adjudication are ## 1, 4, 5, 6, and 12. With the aforementioned legal principles in mind, the Court will consider each of the challenged defenses in turn.

**I.     First Defense: Failure to Mitigate Damages**

In their Complaint, Plaintiffs seek recovery "[p]ursuant to CRS 10-3-1116" alleging they "are entitled to an award of double the covered benefit owed to them under the governing Policy, together with an award of reasonable attorney's fees incurred in this action." Complaint, ¶ 41, docket #3. Defendant answers alleging, "[t]he failure to take such reasonable steps as would have mitigated or minimized the alleged damages may preclude recovery on these damages." Answer, docket #4 at 5.

Plaintiffs argue that, in seeking statutory damages in this case, a failure to mitigate defense is not applicable. Defendant counters that Plaintiffs failed to comply with the terms of the insurance policy and, thus, "caused the very delayed payment about which they now complain." Response,

docket #19 at 8.

The Court agrees with Plaintiffs; subsection (1) of Colo. Rev. Stat. § 10-3-1116 provides: "A first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." The Colorado Court of Appeals has found that "[a]ccording to the statute, the award to be made to the prevailing claimant is not the damages suffered by the claimant caused by the delay in the payment of the benefit, but rather two times the covered benefit the payment of which was unreasonably delayed or denied." *Hansen v. American Family Mut. Ins. Co.*, -- P.3d --, 2013 WL 6673066, at *9 (Colo. App. Dec. 19, 2013). Section 10-3-1116 is a "penalty statute." *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 972 (Colo. App. 2011) (analyzing the legislative history of Colo. Rev. Stat. §§ 10-3-1115 and 1116).

Although Defendant's argument concerning "delays caused by Plaintiffs" may be relevant to the issue of its *liability*, the argument has no application to the issue of *damages* sought, as the recovery in this case is specifically defined by the statute. In that respect, Defendant argues that its defense "goes to the issue of whether Plaintiffs are entitled to any 'covered benefit.'" However, again, the argument goes to the Defendant's liability rather than damages: "If Plaintiffs have failed to cooperate with Encompass's investigation in a material way, they are not entitled to benefits under the Policy, as there is no 'covered benefit' that was delayed or denied by Encompass." *Id.* at 7-8.

Because Plaintiffs seek to recover statutory damages in this case, Defendant's failure-to-mitigate defense cannot succeed under any circumstance and will be stricken.

**II.     Fifth Defense: Setoff**

Defendant alleges as its fifth affirmative defense: "Plaintiffs' claims and damages may be limited by a setoff which Defendant is entitled to effect." Answer, docket #4 at 5. Defendant argues that it "has already paid $11,000 in relation to the claim for Plaintiffs' Corvette. *To the extent that any damages are awarded for property damage*, Encompass is entitled to a setoff of that amount." Response, docket #19 at 9 (emphasis added). As set forth above, the Court has determined that the only recovery Plaintiffs seek in this case are statutory penalties defined by Colo. Rev. Stat. § 10-3-1116. Accordingly, the setoff defense cannot succeed under any circumstance and will be stricken.

### III.     Fourth and Sixth Defenses: Comparative Fault and Comparative Bad Faith

Defendant characterizes its fourth and sixth defenses as "intertwined." Response, docket #19 at 8. Defense #4 alleges "Defendant's liability, if any, may be limited to that amount represented by its pro-rata share of fault, if any, producing the claimed loss," and defense #6 alleges, "The alleged damages, if any, may have been proximately caused by the comparative bad faith of Plaintiffs, precluding or reducing any recovery." Answer, docket #4 at 5. Defendant argues that a jury could find the Plaintiffs "engaged in comparative bad faith by refusing to cooperate or abide by the terms of their own Policy" and, thus, "recovery could be reduced or barred by their own pro rata share of fault." Response, docket #19 at 9.

Plaintiffs counter that tort-related defenses are inapplicable to their statutory claim and there is no recognized defense of "comparative bad faith." Even assuming "comparative bad faith" is a viable defense, however, it is not applicable here as explained above. First, Plaintiffs do not "allege damages"; they seek statutory penalties. Second, by asserting in this defense that the Plaintiffs' conduct caused the alleged injury thereby "barring recovery," Defendant is essentially denying liability, which is improper and unnecessary. By its nature, an affirmative defense "does not negate

the elements of a plaintiff's claim, but instead precludes liability even if all of the elements of a plaintiff's claim are proven." *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011). Where a so-called "affirmative defense" does nothing more than rebut a plaintiff's claims directly, the defense should be stricken. *Id.*

Likewise, Defendant's argument concerning its "comparative fault" defense goes, again, to liability and whether its conduct in this case was reasonable. Defendant need not simply rebut Plaintiffs' claim through an affirmative defense. *Id.*

Consequently, the Court finds that Defendant's affirmative defenses ##4 and 6 cannot succeed under any circumstance in this case and will strike the defenses.

## IV.   Twelfth Defense: Fraud & Material Misrepresentation

Defendant alleges its twelfth affirmative defense as: "Plaintiffs' claims may be barred or reduced by estoppel, failure of consideration, fraud, material misrepresentation, and/or unjust enrichment." Answer, docket #4 at 6. Defendant argues that "Plaintiffs' policy contains a clear provision stating that coverage does not extend where there has been fraud or material misrepresentation." Response, docket #19 at 9. Defendant explains that in asserting this defense, it does not allege a counterclaim or even accuse Plaintiffs of any fraud or misrepresentation; however, its investigation of Plaintiffs' insurance claims remains open and if it were to find any fraud or concealed or false facts or statements, the claims may be barred by contract.

Plaintiffs counter that under the policy Defendant must demonstrate reasonable cause to pursue its investigation and, when Plaintiffs sought an explanation of such cause, Defendant refused to respond.[1] Accordingly, Plaintiffs argue that Defendant "cannot now assert Plaintiffs' refusal to

---

[1] The Court notes that Plaintiffs do not appear to argue that failure of consideration or unjust enrichment are improper defenses that must be stricken; their arguments here focus on

7

under[go] an EUO [examination under oath] as an affirmative defense." Reply, docket #24 at 5. Plaintiffs also contend that they believe Defendant asserted the defense because the settlement agreement at issue "cannot be rescinded or modified on any ground except Fraud"; however, Plaintiffs assert that Defendant has demonstrated no grounds for the defense by referencing the pending motion for summary judgment filed by the Plaintiffs on February 11, 2015. *Id.* at 7-8.

First, this defense, unlike those described above that simply rebut the Plaintiffs' claim, "does not negate the elements of [Plaintiffs'] claim, but instead precludes liability even if all of the elements of [Plaintiffs'] claim are proven." *See Lane*, 272 F.R.D. at 598. That is, no party here disputes that even if Plaintiffs were to prove the Defendant unreasonably delayed or denied payment on their insurance claims, a finding of fraud or material misrepresentation by the Plaintiffs would preclude Defendant's liability altogether under the governing policy.

Second, the Court finds that the defense is not one that "cannot succeed under any circumstance" at this early stage of the litigation. Apparently, according to the Plaintiffs, any acts of fraud or misrepresentation perceived by the Defendant are subjects of their pending motion for summary judgment. Moreover, to the extent the defense is intended to address conduct during the investigation of Plaintiffs' insurance claims, the parties' arguments appear to reflect a dispute as to the scope of the investigation and "what happened" during the investigation. Thus, mindful that striking a defense is a drastic remedy, the Court will decline to strike defense #12 at this stage of the litigation.

## **CONCLUSION**

Accordingly, the Plaintiffs' Motion to Dismiss Designated Affirmative Defenses pursuant

---

estoppel, fraud and material misrepresentation.

to Fed. R. Civ. P. 12(b)(6), which is construed by the Court as a motion to strike pursuant to Fed. R. Civ. P. 12(f) [filed January 8, 2015; docket #13] is **GRANTED IN PART AND DENIED IN PART**.  The motion is denied as to affirmative defenses ## 9, 12 and 14.  The motion is granted as to affirmative defenses ## 1, 4, 5 and 6, and these defenses are **stricken**.  Thus, mindful that Defendant has withdrawn defenses ##3 and 13, the Court orders Defendant to file an Amended Answer omitting affirmative defenses ##1, 3, 4, 5, 6 and 13 on or before March 5, 2015.

Entered and dated at Denver, Colorado, this 26th day of February, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge