IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03464-MEH

JOSEPH NIGRO, and
TERRY NIGRO,

    Plaintiffs,

v.

ENCOMPASS INDEMNITY COMPANY,

    Defendant.

## ORDER ON PLAINTIFFS' MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiffs' Motion to Compel Production of Discovery [filed August 24, 2015; docket #41]. The motion is sufficiently briefed, and the Court finds that oral argument will not assist in its adjudication of the motion. Based on the record herein and for the reasons that follow, the Court grants in part and denies in part the Plaintiffs' motion.

    The background of this case has been set forth in previous orders and need not be repeated here. Plaintiffs argue that the Defendant has failed to produce the requested underwriting file related to the subject insurance claims in this case. Defendant counters that it does not object to such production, but its underwriting department, which operates separately from the claims department, requires a "subpoena" for the production of such file. Under the federal rules of procedure, subpoenas are typically issued only to third parties, and there is no indication that the underwriting department at Encompass is a third party. Accordingly, to the extent that a court order may serve to authorize production of the underwriting file, Defendant shall rely on this order. If a court order

is somehow insufficient, Defendant shall explain in detail why a "subpoena" is necessary and how its issuance would be appropriate in this case.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Compel Production of Discovery [filed August 24, 2015; docket #41] is **granted in part and denied in part**.  Defendant shall produce a copy of the underwriting file on Encompass Policy No. 0281611212 to the Plaintiffs on or before September 21, 2015.  To the extent that Defendant deems it necessary to make redactions to the file, Defendant shall submit a privilege log identifying all redactions and the reasons for them.  Because the Defendant's response here is substantially justified, the Court will deny Plaintiffs' request for attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5); however, any further delay of the requested production unsupported by good cause may result in an award of sanctions against the Defendant.

Entered and dated at Denver, Colorado, this 14th day of September, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge